IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,  §§§§ Plaintiff, § § v. § § USA LINES, LLC, ET. AL., §§§ Defendants. §§§ | CASE NO. 6:20-CV-01121-ADA-JCM |

### DOCKET CONTROL ORDER PURSUANT TO RULES 16(b) AND 26(f)

Came for consideration the above-styled matter. **IT IS HEREBY ORDERED** that the parties confer pursuant to Federal Rule of Civil Procedure 26(f) and file with the Court, on **Monday, February 8, 2021**, **both a joint proposed scheduling and discovery plan reflecting the Rule 26(f) criteria AND a completed version of the Court's standard Scheduling Order.**[1] The parties or their counsel shall confer, complete and prepare the form, obtain the appropriate signatures, and e-mail the proposed scheduling order in Word format to jennifer_galindo-beaver@txwd.uscourts.gov and kyle_gardner@txwd.uscourts.gov no later than the end of business, **5:00 pm on February 8, 2021**.

During the Rule 26(f) meeting, the parties or their counsel shall discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement or resolution

---

[1] The Scheduling Order can be accessed online at the Court's website: https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Manske/Proposed%20Scheduling%20Order%20for%20U.S.%20Magistrate%20Judge%20Manske.pdf

of the case, and the scope and type of discovery, including electronic discovery. The parties shall also arrange for the disclosures required by Rule 26(a)(1) and develop their joint proposed scheduling/discovery plan. These are the minimum requirements for the meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The discussion of claims and defenses shall be a substantive, meaningful discussion. In addressing settlement or early resolution of the case, the parties are required to explore the feasibility of ADR between themselves as well. If the parties elect not to participate in an early ADR effort, the Court may nonetheless require a settlement conference shortly before trial.

In addressing the Rule 26(a)(1) disclosures, the parties shall discuss the appropriate timing, form, scope or requirement of the initial disclosures, keeping in mind that Rule 26(a)(1) contemplates the disclosures will be made by the date of the Rule 16(b) initial scheduling conference and will include at least the categories of information listed in the rule. Rule 26 affords the parties flexibility in the scope, form and timing of disclosures under both Rule 26(a)(1) (initial disclosures) and Rule 26(a)(2) (expert witness disclosures), but the parties' agreement on disclosures is subject to approval by the undersigned. In their discussion of disclosures, counsel shall address issues of relevance in detail, with each party identifying what it needs and why. The discussion shall include the sequence and timing of follow-up discovery, including whether that discovery should be conducted informally or formally and whether it should be conducted in phases to prepare for filing of particular motions or for settlement discussions.

In addressing electronic discovery, the parties shall discuss what electronic sources each party will search, difficulty of retrieval, preservation of records, the form of production

(electronic or hard-copy, format of production, inclusion of meta-data, etc.), cost of production and which party will bear the cost, privilege/waiver issues, and any other electronic discovery issues present in the case.  Before engaging in the Rule 26 discussion, the parties should determine who is most familiar with the client's computer system, what electronic records the client maintains, how the client's electronic records are stored, the difficulty/ease of retrieving various records, the existence and terms of the client's document retention/destruction policy, and whether the client has placed a "litigation hold" preventing destruction of potentially relevant records.

Finally, the Court **ORDERS** discovery disputes be resolved in the following manner:

(1) The parties will confer and fully comply with Federal Rule of Civil Procedure 37(a)(2) and Local Rule AT-4(e) by undertaking sincere and good-faith efforts to resolve all differences without the undersigned's action or intervention.

(2) If reasonable, good faith efforts are made by all parties to resolve the dispute(s) without success, the parties will then schedule a telephonic conference with the undersigned to resolve the disputes **BEFORE** filing any motion.  Filing a motion before exhaustion of these steps may result in summary denial of a compel motion.

(3) If the conference does not resolve the dispute, the Court will then entertain a motion to compel, for protective order, or for other relief.  The moving party shall comply with Federal Rule of Civil Procedure 37(a)(2) and Local Rule AT-4(e) in preparing such motion and will submit the appropriate certifications to the Court.

(4) The Court may refuse to hear any discovery motion for noncompliance with any of the above, including failure to make a good faith effort to resolve the dispute.

The Court may also award costs and / or reasonable attorney's fees for noncompliance with the above steps.

If a dispute arises in the limited situations where compliance with the above is unfeasible (for example, during a deposition), the parties may contact the undersigned's chambers for an immediate conference on the dispute.  This should be considered an option of last resort.

The Court would also like to relay the following to the parties:

- 1. Please be sure to track the language of Local Rule CV-7. This rule modifies the response deadline for non-dispositive motions from 14 days to 7 days; it also allows the Court to grant motions where responses are untimely. Additionally, CV-7 requires that all motions be titled "Opposed" or "Unopposed" and include a certificate of conference.

- 2. Judge Manske is available as a free mediator for the matters before the Court. Please contact the Court if this potential solution is of interest to you. **Please note that, for the time being, no mediations will be set until pandemic conditions abate.**

- 3.  The Court has recently faced a spate of discovery objections that do not track the 2015 amendments to the Federal Rules. Please remember that boilerplate objections are unacceptable.

- 4. In addition to tracking the 2015 amendments to the Federal Rules, be sure to note the condition precedent in the Docket Control Order in this matter that requires a telephonic conference before filing a motion to compel.

- 5.  Judge Manske is available during depositions if you feel a deponent is being evasive or his or her respective counsel is improperly objecting or invoking privilege. Please call the Court if this is happening; Judge Manske will resolve the matter and admonish the deponent to respond appropriately.

- 6. Judge Manske and Judge Albright are not opposed to counsel contacting their respective law clerks for matters of preference or non-substantive matters. Both Judges' clerks are well-trained on what is or isn't a substantive matter and will refuse to communicate in an ex-parte manner on any substantive matters.

**SO ORDERED** this 12th day of January, 2021.

_____
**THE HONORABLE JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**