IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY as Subrogee of GREENWELL ENERGY SOLUTIONS, LLC | § § § § | |
| v. | § § | CIVIL ACTION NO. 6:20-cv-1121 |
| USA LINES, LLC and EMRAN YASHAYIVICH MAMAKAZIYEV | § § § | |

**JOINT PROPOSED SCHEDULING AND DISCOVERY PLAN**

Pursuant to the Court's Order entered December 11, 2020, and in accordance with Federal Rule of Civil Procedure 26(f), a telephone conference was conducted among counsel of record for Plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY, AS SUBROGEE OF GREENWELL ENERGY SOLUTIONS, LLC ("Plaintiff") and Defendants USA LINES, LLC and EMRAN MAMAKAZIYEV ("Defendants"). Accordingly, counsel for all parties file this joint report of their conference under Federal Rules of Civil Procedure 26(f).

**I.**

**INTRODUCTION**

1. Craig Noack and Carolyn Noack of Noack Law Firm, PLLC represent Plaintiff.

2. J. Robert Miller, Jr. of Miller & Brown, LLP represents Defendants USA Lines, LLC and Emran Mamakaziyev.

3. On February 5, 2021, attorneys for all parties met to confer on the matters outlined in Rule 26(f)(2). The conference was held as soon as practical and prior to the Court's deadline to file the Joint Discovery Plan on February 8, 2021.

## II.

## CLAIMS AND DEFENSES

*Liberty Mutual Fire Insurance Company*
*as subrogee of Greenwell Energy Solutions, LLC*

4.  On or about November 15, 2018, Juan Perez was properly and permissively operating a vehicle owned by Bruce Babb Chemicals, Inc., now Greenwell Energy Solutions, LLC. He was traveling northbound on US 79. Defendant Emran Yashayivich Mamakaziyev was operating a truck tractor while pulling a trailer and was traveling directly behind Juan Perez. As Juan Perez slowed, signaled, and began his turn into a private drive, Emran Yashayivich Mamakaziyev struck him from behind. Plaintiff filed suit against Defendants for negligence. Defendant Emran Yashayivich Mamakaziyev failed to maintain a proper lookout, failed to maintain control of his vehicle, failed to apply or timely apply his brakes, failed to control his speed, failed to maintain a safe traveling distance between vehicles, failed to take proper evasive action to avoid colliding into the vehicle, and failed to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances. At the said time and place, the acts and omissions of Defendant constituted negligence, and such negligence was the proximate cause of damages to Greenwell Energy Solutions, LLC's vehicle. Plaintiff also sued for vicarious liability. At all times, Emran Yashayivich Mamakaziyev was acting within the course and scope of his employment with USA Lines, LLC. USA Lines, LLC is responsible the actions of its employees under the doctrine of *respondeat superior*.

*Defendants USA Lines, LLC and Emran Mamakaziyev*

5.  On November 15, 2018, Defendant Mamakaziyev was driving a tractor trailer owned by Defendant USA Lines, LLC on Highway 79 in Freestone County, Texas. Suddenly, Plaintiff's vehicle came to a stop in front of him on the highway and began turning off the highway.

Defendant Mamakaziyev tried to brake immediately to try to avoid Plaintiff's vehicle, but he was unable to do so because he did not have sufficient time to stop. Defendants deny all allegations alleged against them for respondeat superior, negligence, negligence per se, negligent entrustment, hiring, training, retention and supervision, and gross negligence. Defendants plan to affirmatively plea that Plaintiff's employee, Juan Perez, was contributorily negligent for the damages sought in this case because Mr. Perez stopped suddenly and failed to signal his turn. Defendants also affirmatively plea that Defendant Mamakaziyev faced a sudden emergency and/or unavoidable accident when Mr. Perez abruptly stopped in front of him. Defendants intend to amend their answers to include the above listed affirmative defenses in accordance with the Federal Civil Rules of Procedure, the Local Rules of this Court, and the issued Scheduling Order of this Court.

## III.

## SETTLEMENT

6. In accordance with Federal Rules of Civil Procedure 26(f), the parties have conferred regarding the nature and basis of claims and defense and the possibility of prompt settlement or resolution of the case. The parties agree that they need to engage in at least some preliminary discovery before the likelihood of settlement can be determined. Thus, settlement is not imminent at this time.

7. The Parties are open and agreeable to mediation, the parties believe that mediation should take place no later than January 25, 2022. After the depositions of the parties have taken place, parties will reassess whether an early mediation has any likelihood of resolving the case. The parties will make the same assessment after expert reports are exchanged.

## IV.

## DISCOVERY PLAN

**INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**

8. The parties have not yet made their initial disclosures as required by Rule 26(a)(1). In accordance with the Court's Order, the parties agree and propose that the Initial Disclosures be due within 30 days of the deadline to confer on the Joint Proposed Scheduling and Discovery Plan, or by Wednesday, March 10, 2021.

9. The Initial Disclosures will include the disclosures as required by Federal Rules of Civil Procedure rule 26(a)(1)(A)(i)–(iv).

**EXPERT DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)**

10. The parties will make their expert disclosures as required by Rule 26(a)(2).

11. Plaintiff will make its expert disclosure on August 25, 2021.

12. Defendants will make their expert disclosures on September 25, 2021.

**PRETRIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(3)**

13. The parties will make their pre-trial disclosures at least 60 days before trial but otherwise as specified and required by Rule 26(a)(3)(B).

**SCOPE OF DISCOVERY**

(a) **Plaintiff specifically plans to seek discovery on the following:**

    i. Defendant's claims record;

    ii. Emrann Mamkaziyev's employment records, driving history, and driving logs;

    iii. Vehicle maintenance records;

    iv. Vehicle repair and repair estimates following the accident made the basis of this suit;

    v. Any investigating officer's report;

    vi. Emrann Mamkaziyev's company cell phone records;

    vii. Video footage from the USA Lines, LLC vehicle, if any;

    viii. Other complaints and/or lawsuits made against USA Lines, LLC for traffic violations;

      ix.      Other complaints and/or lawsuits made against Emrann Mamkaziyev for traffic violations

      x.      Communications, statements, and recording of any oral conversations or communications that Defendant and/or Emrann Mamkaziyev's had with Plaintiff or its insured, driver, agents, representatives, or employees.

Plaintiff reserves the right to modify this discovery plan at any time and to seek discovery on any topic that is reasonably calculated to the discovery of admissible evidence.

**(b)** **Defendant USA LINES, LLC and EMRANN MAMKAZIYEV plan to seek discovery on the following topics:**

      xi.      Plaintiff's claims record;

      xii.      Juan Perez's employment records, driving history, and driving logs;

      xiii.      Vehicle maintenance records;

      xiv.      Vehicle repair and repair estimates following the accident made the basis of this suit;

      xv.      Juan Perez's company cell phone records;

      xvi.      Video footage outside the Greenwell business and in vehicle driven by Juan Perez;

      xvii.      All allegations and damages asserted in Plaintiff's Complaint;

      xviii.      Other complaints and/or lawsuits made against Greenwell for traffic violations;

      xix.      Communications, statements, and recording of any oral conversations or communications that Plaintiff and/or Juan Perez had with Defendants.

Defendants USA Lines, LLC and Emran Mamaziyev reserves the right to modify this discovery plan at any time and to seek discovery on any topic that is reasonably calculated to the discovery of admissible evidence.

**JOINT PROPOSED SCHEDULING AND DISCOVERY PLAN – PAGE 5**

## DISCOVERY OF ELECTRONICALLY STORED INFORMATION

14. The Plaintiff expects Defendants to produce any electronically stored information in its native format with accompanying metadata. Conversion to TIFs and PDFs would destroy such metadata. If the file already exists as PDF, the original electronic form of the PDF should be electronically copied and produced such that it retains its original metadata. If a document exists only in paper form, it may be scanned into PDF format to produce. Plaintiff prefers all production in electronic format this way.

15. The parties reserve the right to modify the discovery plan regarding electronically stored information at any time and will work together to reach an agreement on any protocols for conducting such discovery and submit a detailed stipulation to the Court for approval.

## ASSERTING PRIVILEGE & PROTECTION

16. The parties do not anticipate that the claims or defenses will involve the disclosure or discovery of a substantial amount of documents, electronically stored information, or tangible things. Therefore, no additional procedures are necessary beyond those provided for in Federal Rule of Civil Procedure 26(b)(5) for asserting claims of privilege, protection, or other exemption from discovery.

## V.

## CONCLUSION

17. All parties participated in the conference and agree to the discovery plan.

Respectfully submitted,

**NOACK LAW FIRM, PLLC**

By: _____
Craig Noack, SBN 24026474
24165 IH-10 West, Ste. 217-418
San Antonio, Texas 78257
Phone (210) 963-5733
Fax (210) 579-1777
E-service email: office@noacklawfirm.com

ATTORNEYS FOR PLAINTIFF


**MILLER & BROWN, L.L.P.**


By:   */s/J. Robert Miller, Jr.*
      **J. ROBERT MILLER, JR.**
      Attorney-in-Charge
      State Bar No. 14092500
      rmiller@miller-brown.com

400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

ATTORNEYS FOR DEFENDANTS